**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<u>**Not for Publication**</u>

| | |
|---|---|
| LINDA MEHNERT, | |
| *Plaintiff,* | Civil Action No. 17-4985 (JMV) |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR PROF-2013-S3 REMIC TRUST VII, ET AL. | <u>OPINION</u> |
| *Defendants.* | |

<u>**John Michael Vazquez, U.S.D.J.**</u>

In this case, *pro se* Plaintiff Linda Mehnert seeks damages from Defendant U.S. Bank National Association, as trustee for PROF-2013-S3 REMIC Trust VII ("Defendant" or "U.S. Bank"), and John and Jane Does 1-100, related to a 2016 state court foreclosure judgment on her home. The present matter comes before the Court on U.S. Bank's motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). D.E. 7. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered Defendant's submission[1] and grants Defendant's motion to dismiss all counts without prejudice.

---

[1] Plaintiff's Complaint will be referred to hereinafter as "Compl." (D.E. 1). U.S. Bank's brief in support of its motion to dismiss Plaintiff's Complaint will be referred hereinafter as "Def. Br." (D.E. 7). Defendant filed a previous motion to dismiss without proper electronic signatures (D.E. 5). The Court considers D.E. 7 as the Defendant's operative motion submission. Plaintiff did not file opposition.

## I. BACKGROUND[2]

On October 19, 2007, Plaintiff executed a Note to First Horizon Home Loans, a division of First Tennessee Bank N.A. ("First Horizon") for $200,000.00. Compl at 2; Def. Br, Ex. A ("Gross Cert."). Plaintiff states that after she signed the mortgage, "a warranty deed was signed over to Plaintiff by her ex-husband." Compl. at 4. Plaintiff continues that "[t]his created title issues and problems with equitable distribution with the impending divorce. There was an issue with a failure to acquire title insurance, and left (sic) liens on the property and an unauthorized delivery of a warranty deed to Plaintiff's ex-spouse for his signature." *Id.* Plaintiff claims that "[t]here were many irregularities in the mortgage, resulting in complaints to a number of government agencies, including the New Jersey Board of [B]anking and Insurance, and that State's Attorney General's office." *Id.* at 1-2. Plaintiff claims that First Horizon was made aware of these issues. *Id.* at 2.

Plaintiff asserts that the loan was eventually purchased or assigned to Freddie Mac. *Id.* at 4 ("[T]he loan was eventually assigned to Freddie Mac, which then became the owner of the Note and at which time it became the servicer of the mortgage."); *Id.* ("Freddie Mac purchased the loan."). Plaintiff claims that "Freddie Mac has very strict guidelines with regard to loans owned and serviced [by] them. Once they were made aware of the defective nature of the alleged loan,

---

[2] The specific factual allegations in the Amended Complaint are, at times, unclear. However, a somewhat more complete picture is possible when considering the Amended Complaint in conjunction with the exhibits attached to the pleading and attached to Defendant's motion to dismiss. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

the[y] required the prior owner to re-purchase the loan back for breach of warranty, as it was in violation of State and Federal laws and statutes." *Id*. at 4-5

A foreclosure action on Plaintiff's Property was initiated on May 19, 2014 when First Horizon filed a complaint, *First Horizon Home Loans, a Division of First Tennessee Bank, NA v. Linda Mehnert, et al.*, Case No. F-020001-14, in the Superior Court for New Jersey, Chancery Division, Hudson County. Def. Br., Ex. B. On December 19, 2014, the State Superior Court granted summary judgment against the Plaintiff, and Defendant U.S. Bank was substituted as the plaintiff in the state foreclosure action. Def. Br., Ex. B. On October 24, 2016, the State Superior Court entered an uncontested order for final judgment and a writ of execution against Plaintiff. Def. Br., Ex. C. Plaintiff appealed the state court foreclosure judgment. Her motion requesting an exception to the entire controversy doctrine was denied on January 11, 2017. Def. Br., Ex. D. On May 1, 2017, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the District of New Jersey, No. 17-18971-VFP. Def. Br., Ex. E.

Plaintiff then filed her Complaint before this Court on July 7, 2017. D.E. 1. Plaintiff brings claims for violations of (1) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. (Count One); (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Count Two); (3) the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8, *et seq*. (Count Three); and (4) the implied covenant of good faith and fair dealing (Count Four). Plaintiff also mentions that she brings claims for "common law fraud . . . and intentional and negligent infliction of emotional distress," but does not further plead these claims. Compl. at 1.

On July 6, 2017, Plaintiff filed her Complaint. D.E. 1. On September 13, 2017, Defendant filed its motion to dismiss. D.E. 7. Plaintiff filed no opposition.

## II. STANDARD OF REVIEW

### a. Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.[3] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). One key aspect of this case-or-controversy requirement is standing. *See id.* "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa.*, 757 F.3d at 360. To establish standing, a plaintiff must satisfy a three-part test,

---

[3] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

showing: "(1) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J.*, 730 F.3d 208, 218 (3d. Cir. 2013).

> b. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss

the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

Defendant first argues that this Court lacks subject-matter jurisdiction based on the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, the Entire Controversy Doctrine, and the principles of *res judicata* and collateral estoppel. Def. Br. at 7-16. Next, Defendant argues that Plaintiff fails to state any viable claims for relief against Defendant pursuant to Rule 12(b)(6). Def. Br. 16-24. Lastly, Defendant argues that Plaintiff lacks standing to bring her Complaint. Def. Br. at 24-25.

#### a. 12(b)(1)

##### 1. *Rooker-Feldman* Doctrine[4]

"The *Rooker–Feldman* doctrine[5] precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with

---

[4] The *Rooker-Feldman* doctrine limits the subject-matter jurisdiction of this Court, and therefore is considered a issue of subject-matter jurisdiction under Rule 12(b)(1). *See Gary v. Braddock Cemetery*, 517 F.3d 195 (3d Cir.2008) (affirming 12(b)(1) dismissal based on *Rooker-Feldman* doctrine).

[5] The Supreme Court addressed the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), and *Lance v. Dennis*, 546 U.S. 459 (2006). While the Supreme Court narrowed the scope of the doctrine in both cases, the Court made clear that the doctrine still applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and

the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance*

*v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305,

315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies when "(1) the federal

plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court

judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the

plaintiff is inviting the district court to review and reject the state judgments."[6] *Great W. Mining*

*& Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp.*

*v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

"The second and fourth requirements are the key to determining whether a federal suit

presents an independent, non-barred claim." *Great W. Mining*, 615 F.3d at 166. The Third Circuit

advises that "[t]he second requirement—that a plaintiff must be complaining of injuries caused by

a state-court judgment—may also be thought of as an inquiry into the source of the plaintiff's

injury." *Id.* at 166 (citing *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d

Cir.2006). "A useful guidepost is the timing of the injury, that is, whether the injury complained

of in federal court existed prior to the state-court proceedings and thus could not have been 'caused

by' those proceedings." *Id. at* 167. The Third Circuit has explained that the fourth requirement is

"closely related" to the second requirement, *id.* at 168, but that the fourth requirement is aimed at

---

inviting district court review and rejection of those judgments." *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil*, 544 U.S. at 284).

[6] The Third Circuit previously relied on a different test to determine whether the *Rooker-Feldman* doctrine applied to a subsequent federal suit. However, in light of *Lance* and *Exxon Mobil*, the Third Circuit concluded that "'caution is now appropriate in relying on our pre-*Exxon* formulation of the *Rooker–Feldman* doctrine,' which focused on whether the state and federal suits were 'inextricably intertwined.'" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 169 (3d Cir. 2010) (quoting *Gary v. Braddock Cemetary*, 517 F.3d 195, 200 n.5 (3d Cir. 2008)).

plaintiff asking a federal district court to engage in "appellate review of state-court decisions or a review of the proceedings already conducted by the lower tribunal to determine whether it reached its result in accordance with law." *Id.* (internal citations and quotations omitted).

"Under New Jersey law, a mortgage foreclosure suit determines the right to foreclose and the amount due on the mortgage." *Gage v. Wells Fargo Bank, N.A. A.S.*, 2011 WL 4073877, at *4 (D.N.J. Sept. 9, 2011), *aff'd Gage v. Wells Fargo Bank, NA*, 450 F. App'x 121 (3d Cir. 2011). The Third Circuit has repeatedly held that the *Rooker-Feldman* doctrine precludes federal district courts from granting relief that would in effect invalidate state court foreclosure proceedings. *See, e.g., Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed.Appx. 149, 153 (3d Cir. 2008) (holding that a district court correctly applied *Rooker-Feldman* when a plaintiff sought to "redress from the state court's judgment in [a] foreclosure action."); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (holding that a federal district court lacked jurisdiction to review a state court's judgment in a foreclosure action). However, in light of *Lance* and *Exxon Mobil*, the Third Circuit has also cautioned that the *Rooker-Feldman* doctrine must not be applied "beyond the contours of the *Rooker* and *Feldman* cases." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006) (quoting *Exxon Mobil*, 544 U.S. at 283). The fact that a litigant's "district court complaint undoubtedly overlaps her adjudicated state-court claims, and is based on the same operative facts . . . does not mean that the *Rooker-Feldman* doctrine is applicable." *Turner*, 449 F.3d at 547.

Here, there was a final state court judgment. And, as Defendant points out, Plaintiff's claims overlap with the state court judgment. To the extent Plaintiff's claims directly challenge the state foreclosure proceeding, the *Rooker-Feldman* doctrine precludes this Court from hearing the matter. However, at this stage, the Court is unable to definitively find that Plaintiff's claims

require the application of *Rooker-Feldman* because it is unclear whether Plaintiff's claims would necessarily invalidate the state court's judgment. For that reason, the Court moves to consider Defendant's arguments that Plaintiff's Complaint fails to state any plausible claims for relief.[7]

### b. Failure to State a Claim Under 12(b)(6)

In the alternative, Defendant argues that Plaintiff's Complaint fails to properly plead a cause of action in Count One, Count Two, Count Three, or Count Four. The Court considers each in turn.

### 1. RESPA (Count One)

Count One brings a claim for violations of RESPA based on Defendant's failure to modify Plaintiff's loan and respond to her letters. Complaint at 6-7. Plaintiff claims that Defendant violated RESPA's regulations (12 C.F.R. §§ 1024.35(d) and (e), 1024.36(c), 1024.36(d)(1), and 1024.36(d)(2)(i)(B)) when Defendant failed to respond to Plaintiff's notices of error ("NOEs") and requests for information ("RFIs"). *Id.* at 7. Plaintiff claims that these "willful violations are part of a pattern or practice of behavior in conscious disregard for the rights of borrowers." *Id.*

RESPA is "a consumer protection statute that regulates the real estate settlement process." *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010). "Congress enacted RESPA to 'insure that customers throughout the Nation are provided with greater and more timely

---

[7] Defendant also moves to dismiss based on the *Younger* abstention doctrine, standing (due to Plaintiff's bankruptcy proceeding), the entire controversy doctrine, and *res judicata*. For example, Defendant argues that *res judicata* and New Jersey's entire controversy doctrine bars Plaintiff's claims because the claims relate to the same loan in the underlying state court proceeding and her claims have either been decided by the state court or could have been raised there. Def. Br. at 11-16. Defendant's arguments appear to have merit, but the Court lacks sufficient information to decide the issue primarily because Plaintiff's allegations are not clear. The Court is granting Plaintiff leave to file an Amended Complaint consistent with this Opinion if she so chooses. Because Plaintiff is *pro se*, the Court notes that Defendant's abstention, standing, *res judicata*, and entire controversy doctrine arguments may create difficult hurdles for the Amended Complaint to overcome.

information on the nature and costs of the settlement process and are protected from . . . certain abusive practices.'" *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 591 (D.N.J. 2016) (quoting 12 U.S.C. § 2601(a)). To bring a claim under RESPA, a plaintiff must prove either actual damages or statutory damages. *Id*. at 592.

At the outset, Plaintiff fails to allege when she sent NOEs and RFIs to Defendant or the subject-matter of the NOEs and RFIs. Therefore, Plaintiff fails to plausibly plead basic information concerning the NOEs and RFIs.

Plaintiff also fails to identify any actual damages or how such damages are linked to Defendant's alleged RESPA violations. As to actual damages, "the borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violation and their injuries." *Id*. "A plaintiff seeking actual damages under § 2605 must allege that the damages were proximately caused by the defendant's violation of RESPA." *Block*, 221 F. Supp. 3d at 592 (quoting *Kapsis v. American Home Mortg. Servicing Inc.*, 923 F.Supp.2d 430, 445 (E.D.N.Y. 2013)). "Thus, to survive a motion to dismiss, [a] complaint must contain factual allegations suggesting that any damages plaintiff suffered were proximately caused by defendant's violations of § 2605, and conclusory allegations to that effect will not suffice." *Block*, 221 F. Supp. 3d at 592 (quoting *Kapsis*, 923 F.Supp.2d at 445); *see also Giordano v. MGC Mortg., Inc*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016); *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J.2006). Therefore, Plaintiff fails to plausibly plead the amount of damages or the necessary causal link to such damages.

In addition, Plaintiff does not plausibly plead a claim for statutory damages under RESPA. Section 2605(f) provides for statutory damages "in the case of a pattern or practice of noncompliance with the requirements of this section[.]" 12 U.S.C. § 2605(f). "The courts have

10

interpreted the term 'pattern or practice' in accordance with the usual meaning of the words." *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009), *aff'd*, 398 F. App'x 467 (11th Cir. 2010). "The term suggests a standard or routine way of operating." *Id.* (citing *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002); *see In re Tomasevic*, 273 B.R. 682 (Bankr. M.D. Fla. 2002); *Ploog v. HomeSide Lending, Inc.*, 209 F.Supp.2d 863, 869 (N.D. Ill. 2002)); *see also Gorbaty v. Wells Fargo Bank, N.A.*, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012); *see also In re Holland*, 2008 WL 4809493, at *11 (Bankr. D. Mass. Oct. 30, 2008) (finding no pattern or practice at the summary judgment stage when "the Debtor has offered no documents or testimony to establish that [the defendant] had a standard or institutionalized practice of RESPA violations at the time she filed her Amended Complaint"). Plaintiff fails to plausibly state a valid claim for relief for statutory damages because Plaintiff fails to allege any information about the subject matter, number, or timing of the NOEs and RFIs. Plaintiff has also not sufficiently alleged that the failure to respond reflected Defendant's routine or standard manner of operating.

As a result, Count One is dismissed without prejudice.

### 2. FDCPA (Count Two)

Count Two alleges violations of the FDCPA.[8] The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act

---

[8] Plaintiff cites "15 U.S.C. § 16923e" as Section 807 and "15 U.S.C. § 16923f" as Section 808. Compl. at 8. It appears that Plaintiff instead meant to cite to 15 U.S.C. § 1692e (false, deceptive, or misleading representations) and 15 U.S.C. § 1692f (unfair practices).

defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "The statute does not apply to persons or businesses collecting debts on their own behalf," *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980), "[b]ecause creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their

corporate goodwill," *Pollice*, 225 F.3d at 403. Instead, "[the FDCPA] is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Id.*

Plaintiff claims that Defendant is a "debt collector" under the FDCPA and that Defendant's actions violated the statute. However, except for this conclusory description, Plaintiff fails to provide any plausible facts demonstrating that Defendant is a debt collector as opposed to a creditor. To the contrary, the remainder of the Complaint appears to indicate that Defendant is in fact a creditor, so the FDCPA does not apply.

Accordingly, Count Two is dismissed without prejudice.[9]

### 3. NJCFA (Count Three)

Count Three brings a claim under the NJCFA. Plaintiff argues that "Defendant continued to try to acquire possession of the property via Sheriff's Sale, even while knowing that there were many irregularities regarding the alleged loan to Plaintiff." Compl. at 9. Plaintiff continues that she "relied upon Defendants' [sic] representations that their [sic] inquiry was being reviewed and investigated" and that these "practices . . . constitute an unconscionable practice as defined in the Consumer Fraud Act." *Id.*

The NJCFA prohibits "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission,

---

[9] The Court does not reach Defendant's argument that Plaintiff's FDCPA claims are time barred. Def. Br. at 21 (citing 15 U.S.C. § 1692k(d)). The Federal Rules of Civil Procedure technically "require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). If, however, a statute of limitations bar is apparent on the face of the Complaint, then a defendant may raise a statute of limitations defense in a motion to dismiss. *Id.* As the Court noted *supra*, Plaintiff may file an Amended Complaint consistent with this Opinion if she so chooses. However, the Court notes that Defendant's argument that Plaintiff's claims are time-barred may create additional difficulties for Plaintiff to overcome.

in connection with the sale or advertisement of any merchandise or real estate." N.J.S.A. 56:8-1.

To bring a claim under the NJCFA, a plaintiff must allege the following: "(1) an unlawful practice; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div. 2005). In regards to the unlawful practice element, "courts have derived three broad categories of unlawful conduct: affirmative acts, knowing omissions, and regulatory violations." *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 436 (D.N.J. 2012).

In determining whether the act in question is conduct barred by the NJCFA, the New Jersey Supreme Court recognized that "no hard and fast rules exist," but "mere puffery does not constitute consumer fraud . . . [and] [m]inor disagreements between consumer and business owner over quality of customer service, timing of service, or increased price is not consumer fraud." *Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 139 N.J. 392, 416 (1995). Rather, to rise to the level of consumer fraud, "the business practice in question must be 'misleading' and stand outside the norm of reasonable business practice in that it will victimize the average consumer." *Id.*

Additionally, the term "ascertainable loss" means that a "plaintiff must suffer a definite, certain, and measurable loss, rather than one that is merely theoretical." *Heyert v. Taddese*, 431 N.J. Super. 388, 417 (App. Div. 2013). Indeed, "the certainty implicit in the concept of an 'ascertainable' loss is that it is quantifiable or measurable." *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005). Finally, "[c]laims of common law fraud and consumer fraud under New Jersey law are held to the higher pleading standard of Rule 9(b)." *Schiano v. MBNA*, No. 05-1771, 2014 WL 1430034, at *5 (D.N.J. Apr. 9, 2014). Federal Rule of Civil Procedure 9(b) stipulates that "[i]n alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has interpreted this Rule to require plaintiffs "plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999).

Plaintiff does not plausibly allege a NJCFA violation. First, Plaintiff does not specifically identify any of Defendant's conduct that is proscribed by the NJCFA. Plaintiff's vague allegation that Defendant was aware of "irregularities regarding the alleged loan to Plaintiff," Compl. at 9, and that Plaintiff "relied upon Defendants' [sic] representations that their inquiry was being reviewed and investigated," *id*, does not suffice to state a valid claim under the NJCFA. The Complaint fails to set forth the required who, what, when, where, and how of the alleged impropriety. Instead, Plaintiff makes conclusory allegations.

Plaintiff also fails to sufficiently identify her ascertainable loss. The Court assumes Plaintiff intended to plead that the foreclosure on her home is the relevant loss. However, Courts have found that a mortgagor who is not required to pay more than her legal obligation has not sustained any ascertainable loss. *Barows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 361 (D.N.J. 2006) (dismissing a mortgagor plaintiff's NJCFA claim because the plaintiff was not compelled to pay more than her legal obligation, and was not required to pay any attorneys' fees or costs during a foreclosure action).

In addition, the Complaint fails to provide any causal nexus between any of Defendant's alleged actions and a valid ascertainable loss. *See Luppino v. Mercedes-Benz USA, LLC*, No. 09-5582, 2010 WL 3258259, at *6 (D.N.J. Aug. 16, 2010) (stating that "a plaintiff bringing a CFA claim must plead a causal nexus between . . . [a] defendant['s] allegedly unlawful behavior . . . and

the plaintiff's ascertainable loss." (quotation omitted)). In sum, Plaintiff fails to plausibly plead all three elements necessary for a valid NJCFA claim.

Accordingly, Count Three is dismissed without prejudice.

### 4. Good Faith and Fair Dealing (Count Four)

Count Four alleges that "Defendant violated the covenant of good faith and fair dealing by stringing Plaintiff along for a loan modification, failing to respond to the Notices of Error and Requests for Information, [and] violating Dodd Frank and Regulation X." Compl. at 10. Plaintiff continues that "[t]hroughout the time of failing to respond to Plaintiff's numerous Notices of Error and Requests for Information, Defendant continued scheduled [sic] Sheriff's Sales on the subject property." *Id.* Plaintiff also claims that Defendant violated the covenant of good faith and fair dealing by "refusing to provide any follow up information, despite being notified of the various irregularities regarding the alleged loan" and by "attempt[ing] to evict Plaintiff from the subject property." *Id.*

Under New Jersey law, "[e]very party to a contract . . . is bound by a duty of good faith and fair dealing in both the performance and enforcement of the contract." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 224 (N.J. 2005). "The party claiming a breach of the covenant of good faith and fair dealing must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Id.* at 225 (quotation omitted). The New Jersey Supreme Court has cautioned that it "cannot catalogue the myriad forms of conduct that may constitute a violation of the covenant of good faith and fair dealing. . . . [because e]ach case is fact-sensitive." *Id.* at 225.

16

Plaintiff fails to plausibly plead a violation of the implied covenant of good faith and fair dealing. Once again, the Complaint's allegations are set forth in conclusory fashion. The Complaint is devoid of any allegations regarding particular discussions between Plaintiff and Defendant regarding a loan modification. Similarly, Plaintiff provides no information on what conduct violated "Dodd Frank and Regulation X." In addition, and as discussed, Plaintiff provides no information regarding the timing or subject-matter of the NOEs and the RFIs. Plaintiff further fails to provide adequate information as to how the sheriff's sale breached the implied covenant of good faith and fair dealing. Plaintiff is reminded that the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka*, 481 F.3d at 211; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997) ("[Courts] need not accept 'bald assertions' or 'legal conclusions' contained in the complaint."). In sum, at this point, the Court finds that the Complaint does not provide sufficient information to support her claim. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

Therefore, Count Four is dismissed without prejudice.[10]

## IV. CONCLUSION

In sum, the Court **GRANTS** Defendant's motion to dismiss all counts without prejudice (D.E. 7). When dismissing claims brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter allowing a plaintiff to correct any deficiencies in their complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-111 (3d Cir.

---

[10] As noted, the Complaint's introduction section states that "[t]he action is also brought for common law fraud . . . and intentional and negligent infliction of emotional distress." Compl. at 1. Plaintiff, however, fails to include these claims in her formal counts. As a result, the Court does not reach those allegations. Nevertheless, because Plaintiff is proceeding *pro se*, the Court cautions that the Complaint did not provide sufficient allegations to support these claims.

2002). Typically, district courts will deny leave to amend only if: (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Here, the Court cannot determine that Plaintiff's claims are futile. Accordingly, Plaintiff has thirty (30) days to file an amended complaint, if she so chooses, consistent with this Opinion. If Plaintiff does not do so, this matter will be dismissed with prejudice, which means that Plaintiff will not be able to bring another suit against Defendant based on the facts set forth in her Complaint. An appropriate Order accompanies this opinion.

**Date:** April 23, 2018

John Michael Vazquez, U.S.D.J.