# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

__Not for Publication__

LINDA MEHNERT,

        *Plaintiff,*

   v.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR PROF-2013-S3 REMIC TRUST VII, *et al.*

        *Defendants.*

Civil Action No. 17-4985 (JMV)

__OPINION__

__John Michael Vazquez, U.S.D.J.__

In this case, *pro se* Plaintiff Linda Mehnert seeks damages from Defendant U.S. Bank National Association, as trustee for PROF-2013-S3 REMIC Trust VII ("Defendant" or "U.S. Bank"), and John and Jane Does 1-100, related to a 2016 state court foreclosure judgment on her home. The present matter comes before the Court on U.S. Bank's motion to dismiss Plaintiff's Amended Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). D.E. 14. This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions[1] and grants Defendant's motion to dismiss all counts with prejudice.

---

[1] Plaintiff's Amended Complaint will be referred to hereinafter as "Am. Compl.," D.E. 11; Defendants' brief in support of their motion to dismiss will be referred to as "Def. Br.," D.E. 14-2; Plaintiff's opposition will be referred to as "Pl. Opp'n," D.E. 15; Defendants' reply will be referred to as "Def. Reply," D.E. 16.

## I.  BACKGROUND[2]

The Court included an extensive factual background in its Prior Opinion granting Defendants' motion to dismiss Plaintiff's Complaint, which the Court incorporates by reference here. D.E. 8 ("Prior Op.") at 2-3. At the outset, the Court notes that Plaintiff does not appear to add any new factual allegations in her Amended Complaint, which the Prior Opinion expressly instructed her to do if she wished to move forward with her claims. *Id.* at 9-17. Instead, Plaintiff appears to repeat the same factual assertions and legal conclusions that the Court expressly found insufficient in its Prior Opinion. *Id.* Substantively, Plaintiff seems to only add an additional count for "conspiracy to commit a tort." Am. Compl. ¶¶ 36-41.

By way of brief review, Plaintiff alleges that she is the owner of a residential property in Jersey City, New Jersey (the "Property"). *Id.* ¶ 1. In 2007, Plaintiff executed a note with Defendant's predecessor in interest, secured by a mortgage on the Property (the "Note"). *Id.* ¶¶ 2, 7. In 2014, Defendant's predecessor in interest brought a successful foreclosure action against Plaintiff on the Property in state court because Plaintiff defaulted on her payments under the Note. *Id.* ¶¶ 10-11; D.E. 14-5, Ex. C; D.E. 14-6, Ex. D. The state court substituted in Defendant as the party at interest. D.E. 14-5, Ex. C. Plaintiff appealed the judgment and her appeal was denied. Am. Compl. ¶¶ 17, 18. Defendant then sold the Property as a Sheriff's Sale and Plaintiff is being evicted. *Id.* ¶ 22.

---

[2] The specific factual allegations in the Amended Complaint suffer from the same imprecision exhibited in the Complaint. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiff filed her Complaint before this Court on July 7, 2017, alleging four causes of action. D.E. 1. On April 23, 2018, the Court dismissed Plaintiff's Complaint without prejudice, instructing Plaintiff that she could file and amended complaint that addressed the noted deficiencies. Prior Op. On May 16, 2018, Plaintiff filed an Amended Complaint, alleging the same four causes of action – (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (Count I); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count II); (3) violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8, *et seq.* (Count III); and (4) violation of the implied covenant of good faith and fair dealing (Count IV) – as well as a new cause of action for conspiracy to commit a tort (Count V). Am. Compl. ¶¶ 1-41. On August 6, 2018, Defendant filed its motion to dismiss Plaintiff's Amended Complaint. D.E. 14. On August 24, 2018, Plaintiff responded.[3] D.E. 15. Defendant replied on September 10, 2018. D.E. 16.

## II. STANDARD OF REVIEW

a. <u>Rule 12(b)(1)</u>

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.[4] A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis

---

[3] Plaintiff alleges that she was never served with Defendant's motion to dismiss, but that she "only came to learn about this motion, when [she] checked on the status electronically." Pl. Opp'n at 1. Defendant responds that it served Plaintiff with this motion "via ECF and US Mail" on August 6, 2016, as evidenced by the certification of service attached to its motion to dismiss. Def. Reply at 1; D.E. 14-11. Given that Plaintiff did become aware of Defendants' motion to dismiss and the Court is considering all parties' submissions, the Court finds this dispute to be moot.

[4] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (citing *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). One key aspect of this case-or-controversy requirement is standing. *See id.* "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa.*, 757 F.3d at 360. To establish standing, a plaintiff must satisfy a three-part test, showing: "(1) an 'injury in fact,' *i.e.,* an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.,* traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Gov. of N.J.*, 730 F.3d 208, 218 (3d. Cir. 2013).

b. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds her to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

First, Defendant reiterated its argument that this Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and principles of *res judicata*. Def. Br. at 3-8. Second, Defendant argues that "despite Plaintiff's impermissible attempt to include an additional, previously unpled cause of action against Defendant, the content of the Amended Complaint virtually mirrors that of the initial Complaint" and therefore Plaintiff again fails to plausibly plead any of her claims. *Id.* at 9, 13-19. Defendant also argues that Plaintiff's claims are time barred by applicable statute of limitations[5] and that venue is improper. *Id.* at 9-13.

#### A. 12(b)(1)

##### 1. *Rooker-Feldman* Doctrine[6]

Given the close resemblance of the Amended Complaint to the Complaint, the Court's analysis of the *Rooker-Feldman* Doctrine does not change substantively. "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The Third

---

[5] The Court does not reach Defendant's statute of limitations arguments. The Federal Rules of Civil Procedure technically "require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). If, however, a statute of limitations bar is apparent on the face of the Complaint, then a defendant may raise a statute of limitations defense in a motion to dismiss. *Id.* The Court does not reach the statute of limitations issue because, as explained below, Plaintiff fails to plausibly plead any of her claims.

[6] The *Rooker-Feldman* doctrine limits the subject-matter jurisdiction of this Court, and therefore is considered an issue of subject-matter jurisdiction under Rule 12(b)(1). *See Gary v. Braddock Cemetery*, 517 F.3d 195 (3d Cir. 2008) (affirming 12(b)(1) dismissal based on *Rooker-Feldman* doctrine).

Circuit has ruled that the doctrine applies when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

Here, as the Court explained in its Prior Opinion, there was a final state court judgment. Prior Op. at 8. And, as Defendant points out, Plaintiff's claims overlap with the state court judgment. Yet, from the Amended Complaint, the Court is still unable to definitively find that Plaintiff's claims require the application of *Rooker-Feldman* because it is unclear whether Plaintiff's claims would necessarily invalidate the state court's judgment. For that reason, the Court moves to consider Defendant's arguments that Plaintiff's Amended Complaint fails to state any plausible claims for relief.[7]

### B. Failure to State a Claim Under 12(b)(6)

In the alternative, Defendant argues that Plaintiff's Amended Complaint fails to properly plead a cause of action in all five Counts. The Court considers each in turn.

### 1. RESPA (Count I)

Plaintiff first alleges violations of RESPA based on Defendant's failure to modify Plaintiff's loan and respond to her letters. Am. Compl. ¶¶ 9-12. Plaintiff claims that Defendant violated RESPA's regulations (12 C.F.R. §§ 1024.35(d) and (e), 1024.36(c), 1024.36(d)(1), and 1024.36(d)(2)(i)(B)) when Defendant failed to respond to Plaintiff's notices of error ("NOEs") and

---

[7] Defendant also moves to dismiss based on the *Younger* abstention doctrine, *res judicata*, and improper venue. While some of Defendant's arguments appear to have merit, the Court lacks sufficient information to decide these issues primarily because Plaintiff's allegations are not clear.

requests for information ("RFIs"). *Id.* ¶¶ 4-10. Plaintiff claims that these "willful violations are part of a pattern or practice of behavior in conscious disregard for the rights of borrowers." *Id.* ¶ 11. The Court evaluated substantially the same arguments more fully in its Prior Opinion and incorporates by reference that analysis here. Prior Op. at 9-11.

Briefly, RESPA is "a consumer protection statute that regulates the real estate settlement process." *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010). "Congress enacted RESPA to 'insure that customers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from . . . certain abusive practices.'" *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 591 (D.N.J. 2016) (quoting 12 U.S.C. § 2601(a)). To bring a claim under RESPA, a plaintiff must prove either actual damages or statutory damages. *Id.* at 592.

In assessing this claim in its Prior Opinion, the Court stated that "[a]t the outset, Plaintiff fails to allege when she sent NOEs and RFIs to Defendant or the subject-matter of the NOEs and RFIs" and concluded that "[t]herefore, Plaintiff fails to plausibly plead basic information concerning the NOEs and RFIs." Prior Op. at 10. Again, Plaintiff failed to include this information in her Amended Complaint.

The Court also explained that Plaintiff failed to plausibly plead actual damages, statutory damages, and causation. *Id.* at 10-11. After further defining these concepts, the Court then found that Plaintiff "fails to identify any actual damages or how such damages are linked to Defendant's alleged RESPA violations" and that "Plaintiff fails to plausibly state a valid claim for relief for statutory damages because Plaintiff fails to allege any information about the subject matter, number, or timing of the NOEs and RFIs" or information showing "that the failure to respond reflected Defendant's routine or standard manner of operating." *Id.* at 10-11. Plaintiff again fails

8

to plausibly plead this claim by failing to include this information in her Amended Complaint. As a result, Count I is dismissed.

### 2. FDCPA (Count II)

Plaintiff next alleges violations of the FDCPA.[8] Am. Compl. ¶¶ 13-17. The Court again conducted a substantive analysis of this claim in its Prior Op, and the Court incorporates this analysis by reference here. Prior Op. at 11-13. The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The Court's analysis of this claim in its Prior Opinion again applies. Plaintiff again claims that Defendant is a "debt collector" under the FDCPA and that Defendant's actions violated the statute. Am. Compl. ¶ 14. The Court previously stated that "except for this conclusory description, Plaintiff fails to provide any plausible facts demonstrating that Defendant is a debt collector as opposed to a creditor" and that "[t]o the contrary, the remainder of the Complaint appears to indicate that Defendant is in fact a creditor, so the FDCPA does not apply." Prior Op. at 13. Plaintiff again provides no further factual support for the conclusory assertion that Defendant is a "debt collector" as opposed to a creditor. Accordingly, Count II is dismissed.

---

[8] Plaintiff again cites "15 U.S.C. § 16923e" as Section 807 and "15 U.S.C. § 16923f" as Section 808. Am. Compl. ¶¶ 15-16. As the Court noted in its Prior Opinion, it appears that Plaintiff instead meant to cite to 15 U.S.C. § 1692e (false, deceptive, or misleading representations) and 15 U.S.C. § 1692f (unfair practices). Prior Op. at 11, n. 8.

### 3. NJCFA (Count III)

Plaintiff next alleges a violation of the NJCFA. Am. Compl. ¶¶ 18-26. Plaintiff argues that Defendant "acquired possession of the property via Sheriff's Sale, even while knowing that there were many irregularities regarding the alleged loan to Plaintiff." *Id.* ¶ 22. Plaintiff continues that she relied on Defendant's "representations that [her] inquiry was being reviewed and investigated" and that these "practices . . . constitute an unconscionable practice as defined in the Consumer Fraud Act." *Id.* ¶¶ 23, 24.

As explained in the Court's Prior Opinion, the NJCFA prohibits "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise or real estate." N.J.S.A. 56:8-1. To bring a claim under the NJCFA, a plaintiff must allege the following: "(1) an unlawful practice; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div. 2005).

The Court's analysis of this claim in its Prior Opinion again applies to Plaintiff's Amended Complaint and the Court incorporates that analysis by reference here. Prior Op. at 13-16. In its Prior Opinion, the Court stated that "Plaintiff's vague allegation that Defendant was aware of 'irregularities regarding the alleged loan to Plaintiff,' and that Plaintiff 'relied upon Defendants' representations that their inquiry was being reviewed and investigated,' does not suffice to state a valid claim under the NJCFA." Prior Op. at 15 (internal citations and alterations omitted). The Court continued that "[t]he Complaint fails to set forth the required who, what, when, where, and

how of the alleged impropriety" and "[i]nstead, Plaintiff makes conclusory allegations." *Id.* Plaintiff's Amended Complaint suffers from the same deficiencies.

The Court also explained in its Prior Opinion that "Plaintiff also fails to sufficiently identify her ascertainable loss" and that Plaintiff "fails to provide any causal nexus between any of Defendant's alleged actions and a valid ascertainable loss." *Id.* at 15-16. Plaintiff also failed to cure these deficiencies. Accordingly, Count III is dismissed.

### 4. Good Faith and Fair Dealing (Count IV)

In Count IV, Plaintiff alleges that Defendant "violated the covenant of good faith and fair dealing by stringing Plaintiff along for a loan modification, failing to respond to the Notices of Error and Requests for Information, [and] violating Dodd Frank and Regulation X." Am. Compl. ¶ 30. Plaintiff continues that Defendant violated this covenant "by refusing to provide any follow up information, despite being notified of the various irregularities regarding the alleged loan," by "blatantly refusing to provide responses to Plaintiff's Notices of Error," by "proceeding to Sheriff's Sale while Plaintiff awaited promised responses," and by "proceeding to a Sheriff's Sale and evicting the Plaintiff from the subject [P]roperty." *Id.* ¶¶ 31-34.

Under New Jersey law, "[e]very party to a contract . . . is bound by a duty of good faith and fair dealing in both the performance and enforcement of the contract." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 224 (N.J. 2005). "The party claiming a breach of the covenant of good faith and fair dealing must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Id.* at 225 (quotation omitted). The New Jersey Supreme Court has cautioned that it "cannot catalogue the

myriad forms of conduct that may constitute a violation of the covenant of good faith and fair dealing. . . . [because e]ach case is fact-sensitive." *Id*. at 225.

Again, the Court's analysis of this claim in its Prior Opinion is similarly applicable to the Amended Complaint and so the Court incorporates by reference its prior analysis of this claim here. Prior Op. at 16-17. In its Prior Opinion, the Court explained that "[o]nce again, the Complaint's allegations are set forth in conclusory fashion" and "[t]he Complaint is devoid of any allegations regarding particular discussions between Plaintiff and Defendant regarding a loan modification." Prior Op. at 17. The same applies in Plaintiff's Amended Complaint. Similarly, Plaintiff provides no information on what conduct violated "Dodd Frank and Regulation X." Again, as discussed, Plaintiff provides no additional information regarding the timing or subject-matter of the NOEs and the RFIs or any adequate information as to how the sheriff's sale breached the implied covenant of good faith and fair dealing. Count IV is dismissed.

### 5. Conspiracy to Commit a Tort (Count V)

Plaintiff added a fifth cause of action in her Amended Complaint: conspiracy to commit a tort.[9] Am. Compl. ¶¶ 36-41. To support this claim, Plaintiff alleges that although Defendant claims to be the rightful owner of the loan, Defendant "never submitted any purchase and sale agreement with contractual rights to foreclose" and "[t]here is no proof of a legal transfer by endorsement from Freddie Mac to First Horizon Loans." *Id.* ¶ 39. Instead, Plaintiff alleges that

---

[9] Defendant argues that it is "impermissible" for Plaintiff to allege this "previously unpled cause of action" because it is outside the scope of the leave granted to Plaintiff to amend her complaint. Def. Br. at 9, 19-20 (citing *In Re Keithley Instruments, Inc., Derivative Litigation*, 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009)). Defendant argues that "this Court dismissed the initial Complaint without prejudice to provide Plaintiff, a *pro se* litigant, with an opportunity to correct various pleading deficiencies, and not provide Plaintiff with an opportunity to assert an additional, previously unpled cause of action." *Id.* at 19. The Court does not find its language to be so limiting in its Prior Opinion or Order, especially given that the additional claim is based on the same facts alleged in the Complaint.

Defendant "provided 'altered' or 'doctored' documents to the State Court" by "remov[ing] the MERS number that is found on the front page of the mortgage." *Id.* ¶ 38. Plaintiff also alleges that "along with the illegal doctoring of documents, there has been a repeated break in the chain of title, which has been repeatedly covered up by the Defendant." *Id.* ¶ 40.

Under New Jersey law, the tort of civil conspiracy contains the following four elements: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." *Delzotti v. Morris*, No. 14-7223, 2015 WL 5306215, at *7 (D.N.J. Sept. 10, 2015) (citing *Morganroth & Morganroth v. Norris, McLaughlin & Marcus*, 331 F.3d 406, 414 (3d Cir. 2003) (citing *Naylor v. Harkins*, 27 N.J. Super. 594, 605 (Ch. Div. 1953), *modified on other grounds*, 32 N.J. Super. 559 (App. Div. 1954))). "In addition, one of the parties must commit some act that is itself a tort in pursuance of the agreement." *Id.* (internal citations omitted).

Here, the underlying tort appears to be Plaintiff's alleged doctoring of documents related to the Property's chain of title. Am. Compl. ¶ 38. However, Plaintiff does not plausibly allege any agreement between Defendant, Freddie Mac, or First Horizon loans to carry out this alleged tort. Thus, Plaintiff has not plausibly pled a combination of two or more persons entering into an agreement to carry out unlawful acts.

Plaintiff also failed to plead special damages. "*Special*, as contradistinguished from *general* damage, is that which is the natural, but not the necessary, consequence of the act complained of." *Delzotti*, 2015 WL 5306215, at *8 (quoting *Roberts v. Graham*, 73 U.S. 578, 580 (1867)). "Typically considered as a pecuniary loss, special damages are actual and concrete damages capable of being estimated in money, established by specific instances such as actual loss

due to withdrawal of trade of particular customers, or actual loss due to refusal of credit by specific persons, all expressed in figures." *Beverly Enterprises, Inc. v. Trump*, 182 F.3d 183, 188 (3d Cir. 1999). "Unlike general damages, which are implied or presumed by the law, special damages 'must be specifically pled.'" *Delzotti*, 2015 WL 5306215, at *8 (citing Fed. R. Civ. P. 9(g)).

Here, Plaintiff's damages may be the loss of her house. Yet, Plaintiff fails to specifically plead this. Instead, Plaintiff solely states, "[a]s a direct and proximate result of the foregoing, Plaintiff has been damaged." Am. Compl. ¶ 41. This is insufficient. Plaintiff is reminded that the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka*, 481 F.3d at 211; *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997) ("[Courts] need not accept 'bald assertions' or 'legal conclusions' contained in the complaint."). In sum, at this point, the Court finds that the Complaint does not provide sufficient information to support her claim. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). The Court dismisses Count V.[10]

## IV. LEAVE TO AMEND

When dismissing claims brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter allowing a plaintiff to correct any deficiencies in their complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-111 (3d Cir. 2002). Typically, district courts will deny leave to amend only if: (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Here,

---

[10] The Complaint's introduction section states that "[t]he action is also brought for common law fraud . . . and intentional and negligent infliction of emotional distress." Compl. at 1. Plaintiff, however, fails to include these claims in her formal counts. As a result, the Court does not reach those allegations, as they are clearly insufficiently plead.

the Court finds that further amendment would be futile because the Prior Opinion clearly set forth the deficiencies in Plaintiff's original Complaint and Plaintiff's Amended Complaint does not, in any substantive manner, address those deficiencies. As a result, the Court infers that Plaintiff is unable to address those deficiencies in a properly-pled amended complaint such that a further attempted amendment would be futile. Therefore, the Court dismisses all of Plaintiff's claims with prejudice.

## V. CONCLUSION

In sum, the Court grants Defendant's motion to dismiss Plaintiff's Amended Complaint, D.E. 14. For the reasons stated, the Court dismisses all of Plaintiff's claims with prejudice, which means that Plaintiff will not be able to bring another suit against Defendant based on the facts set forth in her Amended Complaint. An appropriate Order accompanies this Opinion.

Date: March 4, 2018

John Michael Vazquez, U.S.D.J.